Gary D. KULP and Mary M. Kulp, h/w on their own behalf and as Parents and Guardians of Ashley Marie Kulp and Trevor Michael Kulp, Minors, Appellees,

v.

John J. HRIVNAK and Pearl E. Hrivnak h/w, Individually and t/a Hrivnak Motor Company, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 30, 2000.

Filed Dec. 22, 2000.

James Dunworth, Kimberton, for appellant.

Mark R. Cuker, Philadelphia, for appellees.

Before STEVENS, LALLY–GREEN and MONTEMURO *, JJ.

MONTEMURO, Judge, Assigned:

¶ 1 Appellants, John G. Hrivnak and Pearl E. Hrivnak, husband and wife, indi-

vidually and t/a Hrivnak Motor Company, Inc., appeal from an order entered in the Court of Common Pleas of Chester County, which, in part, directed them to pay attorneys' fees and costs incurred by Appellees, Gary D. Kulp and Mary M. Kulp, husband and wife, on their own behalf and as parents and natural guardians of Ashley Marie Kulp and Trevor Michael Kulp, in obtaining the order. Because the trial court did not abuse its discretion in awarding attorneys' fees, we affirm.

¶ 2 On February 4, 1999, the parties to this action entered into a settlement agreement, the terms of which were stated in open court and recorded. (N.T., 2/4/99, at 3). The terms were that Appellants were to list two real properties with bona fide brokers within 10 days in order to sell the properties. (*Id.*). Appellants were then to pay Appellees $60,000 at the end of 30 months or at the time the properties were sold, which ever came first. (*Id.* at 3–4). Additionally, as part of the agreement, Appellants gave Appellees mortgages on the properties as security on the obligation. (*Id.* at 3).

¶ 3 Nearly one year after the settlement, Appellees filed a petition to compel enforcement of the settlement agreement and to permit foreclosure of the mortgages. In the petition, Appellees alleged that Appellants had not provided Appellees with listing agreements for the properties with bona fide brokers. (Plaintiffs' Petition to Compel Enforcement of Settlement and Permit Foreclosure of Mortgage ¶¶ 2–3). Further, Appellees averred that the properties had not been listed continuously, directly contradicting the settlement agreement. (*Id.* ¶¶ 2–4). In their petition, however, Appellees did not request that the trial court award attorneys' fees.

¶ 4 Appellants answered the petition by stating that the properties had been listed with bona fide brokers within 10 days after

* Retired Justice assigned to Superior Court.

the settlement agreement[1] for a period of six months. (Defendants' Answer to Plaintiffs' Petition to Compel Enforcement of Settlement and Permit Foreclosure of Mortgage ¶ 1). Thereafter, Appellants claimed to have attempted to market the properties themselves until a new listing had been procured with a broker six days after Appellees' petition was filed. (*Id.* at ¶¶ 2–4). Appellants charged the six month hiatus from having the properties listed on two failed attempts to enter into listing agreements with brokers and the ill health of yet another broker Appellants had wished to engage. (*Id.* ¶¶ 2–3).

¶ 5 The trial court held oral argument on Appellees' petition and thereafter ruled: (1) the two properties shall be appraised at Appellants' expenses within thirty days and thereafter listed with a bona fide broker for sale; (2) if the listing price for both properties exceeds 125% of the amount which Appellants owe Appellees, then the trial court will not order another of Appellants' properties to be appraised and listed; and (3) Appellees' counsel shall submit a bill of costs to the trial court for the time which he expended in obtaining this relief. (Order, 3/17/00). This timely appeal followed.

■ ¶ 6 Prerequisite to any consideration of the merits of this appeal, we must determine whether the order of attorneys' fees is appealable. Although the parties have not raised appealability, "it is nevertheless appropriate for us in this instance to raise that issue [because it] goes to the jurisdiction of the Court." *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211, 212 (1985). Moreover, since we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order. *Knisel v. Oaks,* 435 Pa.Super. 169, 645 A.2d 253, 255 (1994).

¶ 7 Subject to exceptions, "an appeal may be taken of right from any final order of an administrative agency or lower court." Pa.R.A.P. 341(a). A final order is an order that disposes of all claims and of all parties, or is expressly defined as a final order by statute or the ordering court. Pa.R.A.P. 341(b); *see also Ben v. Schwartz,* 556 Pa. 475, 729 A.2d 547, 550 (1999). Although the instant order does not fit any of these definitions perfectly, we must consider whether the practical ramification of the order will be to dispose of the case, making review appropriate. *Commonwealth v. J.H.B.,* 760 A.2d 27, 28 (Pa.Super.2000).

■ ¶ 8 As described, *supra,* the trial court granted a motion to compel Appellants to perform their obligations under a settlement agreement, and, *sua sponte,* ordered Appellants to pay attorneys' fees and costs incurred by Appellees in the action to compel. On appeal, Appellants do not challenge the propriety of the portion of the order compelling performance of their obligations. Rather, Appellants only challenge the propriety of the *sua sponte* decision by the trial court to award fees and costs.

¶ 9 In the past, our courts have considered the appealability of orders awarding attorneys' fees and costs in a variety of procedural circumstances. *See, e.g., Brawley Distributing Co., Inc. v. Heartland Properties,* 712 A.2d 331, 332 (Pa.Super.1998) (grant of fees based on frivolous pre-trial filing is not appealable); *Dooley v. Rubin,* 422 Pa.Super. 57, 618 A.2d 1014, 1018 n. 6 (1993) (denial of fees in order terminating underlying litigation is appealable); *Fried, supra* at 215 (grant of interim fees in divorce action is interlocutory and unappealable). However, this case requires us to determine for the first time whether an order to pay attorneys' fees and costs is appealable when the appellant

---

1. In Appellants' brief to this Court, however, they submit that the listing agreements were not actually signed until February 26, 1999, which was 22 days after entering into the settlement agreement. (Appellants' Brief at 5).

does not also challenge the merits of the underlying order.

¶ 10 In *Brawley, supra,* we determined that an order granting counsel fees based on a frivolous pre-trial filing was not appealable because it "neither terminated the action nor disposed of all parties and all claims." *Brawley, supra* at 332. The instant case presents a much different situation. While Appellants do not challenge the portion of the order compelling performance of the settlement agreement, they do challenge the trial court's *sua sponte* finding that their conduct was "vexatious, obdurate or dilatory" and thus warranted awarding attorneys' fees under 42 Pa. C.S.A. § 2503(7). Unlike the appellants in *Brawley,* the instant appellants will have no subsequent chance to appeal the portion of the order directing them to pay attorneys' fees and costs. It would defy common sense and undermine judicial efficiency to require Appellants to also appeal the portion of the order compelling their compliance with the settlement agreement. Since the instant appeal presents the only chance for Appellants to challenge the attorneys' fees award, we conclude that the order is appealable and turn to the merits of the appeal.

¶ 11 Appellants present one issue for this Court to consider:

Did the lower court err in, *sua sponte,* instructing Appellees' counsel to submit a "bill of costs" for the time Appellees' counsel expended in the matter of Appellees' petition to "Compel Enforcement of Settlement and Permit Foreclosure of Mortgage" (the "Petition").

(Appellants' Brief at 2).

¶ 12 Our review of a trial court's order awarding attorneys' fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in making the fee award. *Thunberg v. Strause,* 545 Pa. 607, 682 A.2d 295, 299 (1996) (citing *In re Estate of Liscio,* 432 Pa.Super. 440, 638 A.2d 1019, 1021 (1994), *appeal denied,* 539 Pa. 679, 652 A.2d 1324 (1994)). "If the record supports a trial court's finding of fact that a litigant violated the conduct provisions of the relevant statute providing for the award of attorney's fees, such award should not be disturbed on appeal." *Id.*

¶ 13 The Pennsylvania Judicial Code provides, in part:

§ 2503. Right of participants to receive counsel fees

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

* * *

(7) Any participant who is awarded counsel fees as a sanction against another party for dilatory, obdurate or vexatious conduct during the pendency of a matter.

42 Pa.C.S.A. § 2503. This statute empowers courts to require a party to pay another participant's counsel fees when a party's conduct during the pendency of the action is vexatious, obdurate or dilatory. *Township of South Strabane v. Piecknick,* 546 Pa. 551, 686 A.2d 1297, 1299 (1996). Any award of counsel fees pursuant to 42 Pa. C.S.A. § 2503(7), however, must be supported by a trial court's specific finding of such conduct. *Id.* at 1301.

¶ 14 Appellants argue that the trial court abused its discretion in awarding Appellees attorneys' fees pursuant to 42 Pa.C.S.A. § 2503(7). Specifically, Appellants contend that the trial court may not award the fees without an evidentiary hearing to determine whether Appellants conducted themselves vexatiously, obdurately, or dilatorily. Additionally, Appellants assert that the trial court erred by not specifying what conduct violated the statute or specifying where in the record such conduct existed.

¶ 15 In determining the propriety of an award of attorneys' fees based upon

a litigant's bad faith,[2] and the record is unclear as to facts surrounding the litigant's conduct, a hearing must be held to develop the record on the bad faith issue. *State Farm Mutual Automobile Insurance Company v. Allen,* 375 Pa.Super. 319, 544 A.2d 491, 494 (1988). In *Allen,* we reversed and remanded a trial court's award of attorneys' fees based on, what the trial court described as, "flagrant lies" and "deliberate omission of material fact" contained within the petition of appellant. *Id.* We reasoned that, in the absence of an evidentiary hearing, there was no way to determine whether the statements made by the appellant in its petition were made, in fact, in bad faith. *Id.*

¶ 16 The instant case differs from *Allen* in that the violation of § 2503(7) was developed through undisputed facts. Appellants admitted in their answer to Appellees' petition that the properties had not been listed with a bona fide broker for the period between August 26, 1999 and February 9, 2000. Also, Appellants attempted to excuse their violation of the settlement agreement because of two unfruitful attempts of engaging brokers and the ill health of a third broker. The facts necessary for a trial court to find dilatory conduct on the part of Appellants were admitted and undisputed, therefore no evidentiary hearing was necessary.[3]

¶ 17 Finally, we hold that the trial court did not err by not specifying the conduct or specifying where in the record the conduct existed. Although the trial court could have been more specific,[4] a review of the record shows that the trial

court could only have been referring to Appellants' admitted violation of the settlement agreement by not having the properties continuously listed. Moreover, it is apparent that the trial court did not find Appellants' excuses for the breach of the settlement agreement meritorious. Such conduct could be considered dilatory in that it caused delay to Appellees' recovery of the money owed as part of the settlement agreement. *See Bonds v. Bonds,* 455 Pa.Super. 610, 689 A.2d 275, 280 (1997) (holding that the trial court did not abuse its discretion in concluding that husband's failure to sign and abide by the terms of the written agreement amounted to dilatory, obdurate or vexatious conduct, thus awarding wife counsel fees).

¶ 18 Consequently, we affirm the trial court's award of attorneys' fees pursuant to 42 Pa.C.S.A. § 2503(7).

¶ 19 Order affirmed.

---

**2.** 42 Pa.C.S.A. § 2503(9) provides that attorneys' fees may be awarded to a participant when "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith."

**3.** The trial court did hear oral arguments regarding Appellees petition. *See* Order, 3/17/00; Trial Ct. Op., 6/19/00, at 2. Because a transcription of the oral argument before the trial court was not provided in the certified record to this court, we do not know whether additional evidence was developed at

oral argument to support or deny the Appellees' petition or the charge of attorneys' fees by the trial court.

**4.** "Since I consider the conduct of [Appellants] that finally resulted in [Appellees] filing of the petition to enforce the settlement agreement to have been 'dilatory, obdurate and vexatious,' the award of counsel fees was appropriate in this matter." (Trial Ct. Op., 6/19/00, at 2).