COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANS-PORTATION, Appellant,

v.

B.L.R.W., Appellee.

Commonwealth of Pennsylvania, Department of Transportation, Appellant,

v.

W.M., Appellee.

Commonwealth of Pennsylvania, Department of Transportation, Appellant,

v.

M.J.B., Appellee.

Commonwealth of Pennsylvania, Department of Transportation, Appellant,

v.

M.R.T., Appellee.

Superior Court of Pennsylvania.

Argued July 23, 2002.

Filed July 18, 2003.

Harold H. Cramer, Harrisburg and Marc A. Werlinsky, King of Prussia, for Com., Dept. of Transp., appellant.

___

Thomas J. Wagner, West Chester, for appellees.

Before: STEVENS, KLEIN, and TAMILIA, JJ.

STEVENS, J.

¶ 1 The Commonwealth of Pennsylvania Department of Transportation (the Department) appeals from orders of the Court of Common Pleas of Chester County, which directed the Department to expunge Appellees' driving records and pay attorneys' fees. The Department requests that we vacate the portions of the orders awarding attorneys fees, but it does not contest the portions of the orders directing expungement.[1] Appellees have filed motions to quash.

¶ 2 These consolidated appeals involve four Appellees with similar histories. In each case, Appellees' drivers' licenses were suspended as the result of arrests for driving under the influence (DUI) in violation of 75 Pa.C.S.A. § 3731, and Appellees were accepted into Accelerated Rehabilitative Disposition (A.R.D.). Upon their successful completion of A.R.D., Appellees petitioned the trial court to order their records expunged, and the court complied. Trial Court Orders dated 2/19/98, 4/28/98, 2/11/99 and 2/16/99. The expungement orders gave the Department thirty (30) days from their receipt to file an affidavit that the records had been expunged in compliance with the orders. *Id.*

¶ 3 The Department did not appeal the expungement orders, but neither did it comply with them. As a result, Appellees filed petitions for attachment and adjudication of civil contempt, seeking to enforce the orders and requesting attorneys' fees. On December 5, 2001, the trial court issued four similarly worded orders regarding each Appellee, as follows:

AND NOW, December 5, 2001, following hearing, the Rule issued on October 26, 2001[2] is made absolute, and the Commonwealth of Pennsylvania, Department of Transportation, is ordered to remove from its records all reference to charges and dispositions relating to an arrest of Petitioner [...] resulting in charges of driving under the influence of alcohol, 75 Pa.C.S.A. § 3731.

The Department of Transportation shall provide this Court with an affidavit indicating compliance with this order within thirty (30) days of the date hereof. Failing such compliance, the undersigned will impose sanctions on Motion of Petitioner.

The Department is further directed to pay Petitioner's attorney's fees in the amount of $400.00.

Trial Court Orders filed 12/5/01.[3] Thus, the Department had until Friday, January 4, 2002 (thirty days from the orders dated December 5, 2001), to file affidavits of compliance. It failed to do so. Instead, immediately upon expiration of the thirty day period (and on the very last day of the appeal period), the Department appealed the December 5, 2001 orders to this Court.[4]

1. Answer to Motion to Quash, filed 1/22/02 at 5.

2. On October 26, 2001, the trial court issued a Rule to Show Cause why it should not grant Appellees' petitions for attachment and adjudication of civil contempt.

3. The December 5, 2001 orders were mailed to the Department on December 6, 2001.

4. Because the thirty day appeal period expired on Saturday, January 5, 2002, the Department had until Monday, January 7, 2002 to file a timely appeal of the order filed December 5, 2001 and mailed December 6, 2001. Pa.R.C.P. 106(b); Pa.R.A.P. 108(a)(1), 903(a).

¶ 4 As a consequence of the Department's appeals, the trial court lost jurisdiction, and Appellees were effectively prevented from exercising their option to move for the imposition of sanctions, as was contemplated by the December 5, 2001 orders. Thus, although Appellees filed motions for sanctions with the trial court on January 9, 2002,[5] three business days after the expiration of the time allowed the Department to file the affidavits of compliance, the trial court was forced to dismiss the motions without prejudice, indicating that it was divested of jurisdiction by the instant appeals. Trial Court Opinions and Orders filed 1/29/02.

¶ 5 In addition to filing the motions for sanctions with the trial court, Appellees also filed motions to quash the Department's appeals with this Court, alleging that (1) the December 5, 2001 orders are interlocutory and not appealable as of right under Pa.R.A.P. 311, and (2) the Department failed to request permission to appeal the orders under Pa.R.A.P. 312. Motions to Quash filed 1/16/02, at 1–2.[6] The Department filed Answers to Appel-lees' motions, in which it conceded that "[T]he Department now accepts that an order directed to the Department by a criminal trial court of competent jurisdiction ordering the expungement of a record of a driver's acceptance into A.R.D. must be honored." Answer to Motion to Quash, filed 1/22/02 at 4–5. This change in position was apparently prompted by the Pennsylvania Supreme Court's January 3, 2002 denial of *allocatur* in *Commonwealth v. M.M.M.*, 779 A.2d 1158 (Pa.Super.2001).[7] Despite its apparent recognition that expungement is necessary, the Department challenged the motions to quash on the grounds that since it "is not contesting the 'portion of the [December 5, 2001] order compelling performance' of the expungement and does fully intend to comply with it, the Department was entitled to immediately appeal the portion of the order imposing attorney fees." Answer to Motion to Quash, filed 1/22/02 at 5 (*citing Kulp v. Hrivnak*, 765 A.2d 796 (Pa.Super.2000)).

¶ 6 After Appellees filed their motions for sanctions and motions to quash, the

---

5. Appellees' motions for sanctions asserted that the Department failed to provide affidavits of compliance by January 4, 2002, and failed to pay attorney's fees, as ordered.

6. Appellee B.L.R.W.'s motion to quash was granted by this Court on February 28, 2002. The appeals were subsequently consolidated, however, and the February 28th order was vacated, and the four Motions to Quash were denied without prejudice to Appellees' rights to later raise the issue.

7. In *M.M.M.*, a driver sought to expunge from her record reference to her D.U.I. arrest and participation in A.R.D. Although the Court of Common Pleas of Chester County ordered the expungement, the Department appealed, arguing that (1) it was not a criminal justice agency for purposes of the Pennsylvania Criminal History Record Information Act 18 Pa.C.S.A. § 9101–9183; (2) The Commonwealth Court, not the Court of Common Pleas was the court of proper jurisdiction; and (3) that the Legislature did not intend the Department to be bound by the expungement provisions of the Act, pursuant to a portion of the Motor Vehicle Code, 75 Pa.C.S.A. § 1534. A panel of this Court concluded that (1) "[i]n the event of an ARD–DUI related suspension, that is, one triggered by an order of the criminal court, the functions of the court and the Department are so inextricably intertwined that the Department may be deemed a criminal justice agency for purposes of § 9122;" (2) the Court of Common Pleas of Chester County had jurisdiction; and (3) "[t]he purpose of § 1534 is clear: it prohibits an ARD–DUI participant from seeking expungement prior to the seven year period, despite his or her right, under the Rules of Criminal Procedure, to be granted expungement in advance of that date." *M.M.M.*, 779 A.2d at 1163–1165. The Court also found that the seven-year period of record retention begins on the date of acceptance into A.R.D. *Id.* at 1166.

Department finally submitted certificates of compliance for each Appellee on February 8, 2002, indicating that the records had been expunged. Certificates of Compliance dated 2/8/02, filed 2/11/02.

¶ 7 It is under these factual and procedural circumstances that we address the Department's consolidated appeals, and Appellees' motions to quash.[8] For the reasons discussed below, we find that the orders appealed from are interlocutory, and, therefore, we grant Appellees' motions to quash.

¶ 8 Pursuant to Pa.R.A.P. 341, appeals may generally be taken as of right from final orders, which are defined as orders that (1) dispose of all claims and of all parties, (2) are expressly defined as final by statute, or (3) are entered as final pursuant to Pa.R.A.P. 341(c).[9] Pa.R.A.P. 341(a), (b)(1)-(3). Appeals may also be taken as of right from collateral orders, which are defined by Pa.R.A.P. 313 as orders that are "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(a), (b).

¶ 9 Here, the orders in question (1) directed the Department to file affidavits of compliance within thirty (30) days, (2) threatened to impose sanctions, on the motion of Appellees, if the Department failed to comply, and (3) directed the Department to pay Appellees' attorney's fees in the amount of $400.00 each. Trial Court Orders filed 12/5/01. The orders do not meet the definition of final order under Rule 341(b)(2) or (3), in that they are not defined as final orders by statute, nor were they entered as final orders pursuant to Rule 341(c). Neither can they be considered final orders under Rule 341(b)(1), because they do not operate to end litigation by disposing of all claims and of all parties. Instead, they clearly provided the Department with a thirty day compliance period, and, significantly, allowed for additional filings by Appellees' in the form of motions for sanctions if the Department failed to comply within that time period.[10] Rule 313 is similarly inapplicable because the orders do not involve rights too important to be denied review or which will be irreparably lost.

¶ 10 The Department tries to avoid quashal by purporting to challenge only the award of attorneys' fees, not the directive to expunge the records. The Department asserts that because it is only contesting the portions of the orders directing it to pay attorneys fees, the orders are immediately appealable under *Kulp*, *supra*. Answer to Motion to Quash, filed 1/22/02 at 5 (*citing Kulp*, 765 A.2d at 799).

---

**8.** "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." *Kulp*, 765 A.2d at 798 (*citing Knisel v. Oaks*, 435 Pa.Super. 169, 645 A.2d 253, 255 (1994)).

**9.** That portion of the rule states that:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court ... may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered.
Pa.R.A.P. 341(c).

**10.** As we discussed earlier, Appellees were, in fact, given the opportunity to file the motions for sanctions because the Department did not file affidavits of compliance within the thirty days provided. Appellees were effectively prevented from pursuing the motions for sanctions by the instant appeals, however.

Appellees dispute the Department's position in their February 7, 2002 responses to the Department's answer to the motions to quash, in which Appellees emphasize that the Department failed to comply with the expungement orders, in violation of the time frame established by the trial court, and in the face of the trial court's indication that it would contemplate sanctions for failure to comply with the deadline. Response to Appellant's Answer to Motion to Quash, filed 1/28/02, at 1–2. Thus, Appellees assert, the December 5, 2001 orders did not dispose of the entire case. *Id.*

¶ 11 As discussed above, however, the day after Appellees filed their response to the Department's answer to their motions to quash, decrying the Departments failure to comply with the expungement orders, the Department did, in fact, submit certificates of compliance purporting to obey with the expungement directive. The certificates indicate that on February 8, 2002, the Department expunged from its records "all references to the arrest of [Appellees] for driving under the influence ... and subsequent acceptance into Accelerated Rehabilitative Disposition as a result thereof." Certificates of Compliance filed 2/11/02. Attached to the certificates of compliance are copies of what the Department titles "corrected" driving histories.

¶ 12 But a review of the copies of the certified driving histories reveals that they continue to contain information regarding the dates of the arrests and subsequent suspensions. Pennsylvania Department of Transportation Bureau of Driver Licensing Certified Driving Histories dated 2/8/02. Unable to determine from the record before us whether the Department had, in fact, expunged the records, we remanded this case to the trial court. On February 19, 2003, a hearing was held before the Honorable Lawrence E. Wood, at which time evidence was presented and argu-ments were heard. Following the hearing, Judge Wood issued an opinion on March 6, 2003, confirming for this Court that the Department had not expunged the records.

¶ 13 The Department relies on *Kulp, supra,* to escape quashal, but its reliance is misplaced. In *Kulp,* the parties entered into a settlement agreement, which the appellant subsequently failed to honor, causing the appellees to file a petition to compel enforcement. *Kulp,* 765 A.2d at 798. The trial court not only granted the petition, but also awarded the appellees attorneys' fees and costs. *Id.* On appeal, the appellants did not challenge the propriety of the portion of the order compelling performance of their obligations, but only challenged the propriety of the award of fees and costs. *Id.* Before addressing the merits, a panel of this Court *sua sponte* considered whether the order granting fees and costs was appealable when the appellant does not also challenge the merits of the underlying order, and determined that it was. *Id.* at 798–799. In so doing, the Court emphasized that the appellants would "have no subsequent chance to appeal the portion of the order directing them to pay attorneys' fees and costs." *Id.* at 799.

¶ 14 *Kulp* is distinguishable from the case currently before us in two material respects. First, although the Department attempts to liken itself to the appellants in *Kulp,* who only challenged the award of fees and costs, not the remainder of the order compelling performance, this comparison fails in light of the Department's continued refusal to actually expunge the records in question. Although the Department states it has complied, the evidence shows that it has not. The second significant difference from *Kulp* is that the Department, if denied the chance to pursue these appeals, will not be denied the opportunity to again object to the imposition

of attorneys' fees when the litigation is finally concluded.

¶ 15 For the foregoing reasons, we find that the orders in question are not appealable. We therefore grant Appellees' motions to quash. Appellees, if they so choose, may re-file motions for sanctions with the trial court, based on the Department's continued failure to comply with the December 5, 2001 directive to file affidavits of compliance showing that the records have been expunged.

¶ 16 Appeals Quashed.