J-A10018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S.B.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| J.E.B.-S. | |
| Appellee | No. 2037 MDA 2014 |

Appeal from the Order Entered November 4, 2014
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): 09-20, 268

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

JUDGMENT ORDER BY MUNDY, J.:                    **FILED APRIL 01, 2015**

Appellant, S.B.B. (Mother), appeals *pro se* from the November 4, 2014 order, granting Appellee, J.E.B.-S. (Father)'s motion for attorney's fees in the amount of $4,651.50.[1]  After careful review, we dismiss this appeal.

Generally, appellate briefs are required to conform to the Rules of Appellate Procedure.  **See** Pa.R.A.P. 2101.  "This Court may … dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."  **In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 489 (Pa.

---

[1] This Court has held that orders awarding attorney's fees for vexatious, obdurate, or dilatory conduct are final and appealable.  **Kulp v. Hrivnak**, 765 A.2d 796, 799 (Pa. Super. 2000).

2011). Generally, this Court will construe *pro se* materials liberally, but "*pro se* status confers no special benefit on an appellant." **Id.** at 1211-1212.

In this case, Mother purports to raise 23 issues on appeal. Mother's Brief at 4-5. However, the bulk of Mother's argument consists of reproducing various transcripts and court filings *verbatim* without discussing how they fit into any of the 23 issues Mother's presents on appeal. **See generally id.** at 9-35. We note that Mother has included one paragraph which contains some citations to various statutes in the Adoption Act but, this paragraph contains nothing more than one-sentence conclusions, without any development or explanation as to why the trial court erred. **See id.** at 21. It is axiomatic that this Court will not consider issues where the appellant has not developed her issue in any meaningful way. **In re Estate of Whitley**, 50 A.3d 203, 209 (Pa. Super. 2012), *appeal denied*, 69 A.3d 303 (Pa. 2013). Furthermore, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted), *appeal denied*, 29 A.3d 796 (Pa. 2011).

Based on the foregoing, we conclude the defects in Mother's brief are substantial and preclude this Court from conducting any meaningful appellate review. Accordingly, we elect to exercise our discretion pursuant to Rule 2101 and dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/2015