J-A09012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| N.S.G. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| C.L.O. | |
| Appellee | No. 1332 MDA 2016 |

Appeal from the Order Entered July 7, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2011-CV-4775-CU

BEFORE: SHOGAN, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                      **FILED JUNE 09, 2017**

N.S.G. ("Father") appeals *pro se* from the July 7, 2016 amended order directing C.L.O. ("Mother") to make the parties' then five-year-old daughter, E.G. ("Child"), available for Father's one-week vacation pursuant to the existing custody order from July 16, 2016 at 9:00 a.m. to July 23, 2016 at 9:00 a.m. In addition, the order directed Father to advise Mother of his destination with Child during the aforesaid vacation period at least two hours before leaving Dauphin County with Child. Finally, the order directed that Child shall wear a "Gizmo"[1] at all times during Father's aforesaid vacation period.[2] Upon careful review, we quash the appeal.

---

[1] The trial court described a Gizmo as "a mobile device with a small screen that can be worn like a watch and which allows the user to call and receive

*(Footnote Continued Next Page)*

J-A09012-17

This appeal arises from the petition for enforcement of the custody order filed by Father on May 24, 2016. In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court explained as follows.

> In his petition, [F]ather sought a court order directing that [M]other make the child available to him for his one-week of vacation per calendar year as he is permitted under the custody order. He planned his vacation with the child for July 16 through July 23, 2016, and was concerned [M]other would not make the child available for his vacation, asserting she had twice previously failed to make the child available for his vacation. He also alleged [M]other was demanding he provide her details of his vacation itinerary not required under the custody order.

> As a matter of background, the custody order in effect in this matter was initially issued by the Hon. Scott Evans [on] November 17, 2011, as amended by his orders of April 29, 2013 and November 25, 2014. Under the terms of the orders, [F]ather was generally granted partial physical custody during alternating weekends commencing Saturday mornings through Sunday evenings plus one overnight on alternating weeks. Mother was granted primary physical custody for all other periods. The most recent order issued by Judge Evans (November 25, 2014) rejected [F]ather's request for equally split physical custody and also granted [M]other sole legal custody to make all decisions regarding child's education due to [F]ather's history of harassing the child's daycare providers. Father filed

_(Footnote Continued)_ ———————————————

calls and to send and receive messages to and from a limited number of contacts. It can also identify the user's location to an authorized person." Trial Court Opinion, 8/25/16, at 3 n. 3.

[2] The subject order amended the original order, also dated July 7, 2016, by omitting the language "by agreement." In all other respects, the amended order is identical to the original order.

- 2 -

an appeal from that order [and] the Superior Court . . . affirm[ed] Judge Evans' order.[3] . . .

On April 10, 2015, while [F]ather's custody appeal was still pending [in] the Superior Court, [F]ather filed a contempt petition and motion seeking to modify the existing custody order, again seeking equal physical custody. Since his motion sought the exact type of relief sought by [F]ather in his appeal to the Superior Court, [the trial court] was unable to rule on his custody modification. **See** Pa.R.A.P. 1701(a) (prohibiting the lower court from proceeding "in the matter" where an appeal is taken).

Proceedings on [F]ather's contempt petition proceeded, however, since the many issues he raised were unrelated to his pending appeal.[4] **See** Pa.R.A.P. 1701(c) (permitting lower court to adjudicate collateral claims or claims unrelated to matters on appeal). One of the issues [F]ather raised in his contempt petition involved [M]other's failure to produce the child for his 2015 vacation week. At that time, [M]other had refused to exchange custody unless [F]ather would provide detailed information about his travel plans, which he rejected. [The trial court] held a hearing on the contempt allegations at which [M]other testified she had been concerned about [F]ather's intended travel plans since he had twice left the country for extended periods without providing any prior notice.

At the conclusion of that hearing, [the trial court] issued an order. . . .[5]

---

[3] **See N.G. v. C.G.**, 133 A.3d 66 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 128 A.3d 221 (Pa. 2015).

[4] The contempt proceedings were presided over by the Honorable Jeannine Turgeon, who also presided over the subject proceedings.

[5] In that order, dated October 8, 2015, the court found Mother in contempt of the parties' custody orders, but declined to impose sanctions. Father filed a notice of appeal, which this Court quashed as interlocutory and unreviewable. **See N.G. v. C.G.**, 2016 Pa. Super. Unpub. LEXIS 3572 (filed October 3, 2016).

To date, [the trial] court has not held a custody hearing on [F]ather's April 10, 2015 request for custody modification. As noted, part of the delay was due to [F]ather's pending appeal of the most recent custody order, which appeal process concluded December 1, 2015. The delay since then has been due to [F]ather's appeal from . . . [the] October 9, 2015 order that he undergo a psychological (mental) examination (pursuant to Pa.R.C.P. 1915.8) in contemplation of a custody hearing. . . .[6]

Given this history between the parties, [the trial court] scheduled a hearing [for] July 7, 2016 on [F]ather's petition seeking enforcement of his 2016 vacation week. The day of the hearing, [counsel] entered his appearance as [Father's] attorney. Immediately prior to the hearing, I held a conference with both parties' attorneys, following which I issued the following court order (as amended):

> AND NOW, this 7th day of July, 2016, upon consideration of the [Father's] petition for enforcement of custody order, [Mother] will make the parties daughter available for [F]ather's vacation . . . from Saturday July 16, 2016 at 9 a.m. to Saturday July 23, 2016 at 9 a.m. as provided for by the custody order entered November 17, 2011. He must advise Mother at least 2 hours before leaving Dauphin County and provide her their destination. Child shall wear [a] (charged up) Gizmo at all times, provided by Mother, during these periods with dad.

Trial Court Opinion, 8/25/16, at 1-3 (footnote omitted).

Father timely filed *pro se* a notice of appeal on August 8, 2016.[7] On appeal, he presents the following issue for our review:

---

[6] Father filed a notice of appeal from the October 9, 2015 order, which this Court quashed as interlocutory and unreviewable. **See N.G. v. C.G.**, 2016 Pa. Super. Unpub. LEXIS 3480 (filed September 22, 2016).

[7] Father did not file a concise statement of errors complained of on appeal concurrently with his notice of appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). Father filed the concise statement one day later on August 9, 2016. *(Footnote Continued Next Page)*

> 1. Did the trial court abuse its discretion by adding new requirements for Father's vacation with his daughter in the vacation clause of its existing custody [order] without cause or reason thereof while appeals were pending before the Superior Court from [o]rders in the trial court docket[?]

Father's brief at 6.

Before reaching the merits of Father's issue, we must first consider whether the July 7, 2016 order was appealable. "'[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.'" *Gunn v. Automobile Ins. Co. of Hartford, Connecticut*, 971 A.2d 505, 508 (Pa. Super. 2009) (quoting *Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa. Super. 2000)).

"An appeal lies only from a final order, unless permitted by rule or statute." *Stewart v. Foxworth*, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. *See* Pa.R.A.P. 341(b). "[A] custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." *G.B. v. M.M.B.*, 670 A.2d 714, 720 (Pa. Super. 1996).

*(Footnote Continued)* ———————————

Because Mother does not claim prejudice as a result of Father's procedural violation, we will not quash or dismiss his appeal on this basis. *See In re K.T.E.L.*, 983 A.2d 745 (Pa. Super. 2009).

Instantly, after careful review, we conclude that the trial court did not enter the July 7, 2016 order after completing its custody hearing on the merits, and the order was not intended to completely resolve the custody claims pending between the parties. Indeed, the certified docket reveals that Father filed petitions for modification of the existing custody order on April 10, 2015, and July 28, 2015, and those petitions remain pending. When the custody hearing occurs, Father may raise any issue related to his annual one-week vacation periods with Child, including, but not limited to, whether Father shall be required to advise Mother of his destination with Child at least two hours before leaving Dauphin County with Child, and whether Child shall wear a "Gizmo" during Father's one-week vacation periods. As such, we conclude that the subject order is not final.

In addition, we observe that the July 7, 2016 order is not appealable pursuant to the collateral order doctrine. *See* Pa.R.A.P. 313(a) (providing that an appeal may be taken as of right from a collateral order of the lower court). "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). In this case, the order does not meet the second and third prongs of the collateral order doctrine. Father's assertion that the trial court added "new requirements" for his vacation with Child, *i.e.*, providing Mother with

notice of his destination and Child's use of a "Gizmo," is not too important to be denied review at this juncture. Further, Father's claim will not be irreparably lost should the trial court include these "new requirements" in the final custody order.

Accordingly, we hold that the July 6, 2016 order is not a final order, nor is it appealable as a collateral order.[8] Because we are without jurisdiction to address this order, Father's appeal must be quashed.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2017

_____

[8] We also observe that the order is not an interlocutory order appealable as of right, pursuant to Pa.R.A.P. 311, and that Father did not attempt to bring this appeal before this Court as an interlocutory appeal by permission pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702.