J. A20013/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: F.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPEAL OF: M.S., FATHER | : | |
| | : | No. 348 MDA 2019 |

Appeal from the Dispositional Order Entered January 25, 2019,
in the Court of Common Pleas of Dauphin County
Juvenile Division at No. CP-22-DP-0000136-2017

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 22, 2019**

M.S. ("Father") appeals from the January 25, 2019 dispositional order entered in the Court of Common Pleas of Dauphin County that ordered legal and physical custody of F.S., dependent female child, born in January 2011 ("Child"), remain with Dauphin County Social Services for Children and Youth ("Agency") and that Child remain in kinship foster care pending the successful completion of the requirements of the Interstate Compact on the Placement of Children ("ICPC") so that Child could be moved from Pennsylvania to Kansas and placed in the physical care and custody of R.S. ("Mother") under court-ordered protective supervision.  We quash this appeal.

The record reflects that on August 15, 2017, Child was placed in the temporary care and custody of the Agency as a result of reports of alleged abuse by Father, concerns about Child's hygiene, and information that Father and Child were homeless.  The trial court adjudicated Child dependent on

August 29, 2017. Child was placed in kinship foster care with her paternal aunt, C.K., and C.K.'s husband.

At the time Child came into Agency custody, Mother resided in Missouri. Pursuant to ICPC, the Agency sought information regarding Mother's suitability as a placement resource. Mother informed the Agency that Father took Child and moved from state to state without disclosing his whereabouts.

The trial court conducted its first and second permanency review hearings on January 19 and April 2, 2018. On August 29, 2018, the Agency received the ICPC study that approved Mother as an appropriate placement for Child at Mother's residence in Missouri. On October 11, 2018, the trial conducted its third permanency review hearing. On December 20, 2018, the trial court conducted its fourth permanency review hearing. Following that hearing, the trial court entered an order on December 28, 2018,[1] that directed, among other things, Child be "released to the physical care and custody of [Mother] under Court Ordered Protective Services . . . by January 31, 2019" and that Child's "case is to be transferred to a Children and Youth Agency in Missouri." (Permanency review order, 12/28/18 at 2.) Father did not appeal from the December 28, 2018 order.

On January 9, 2019, the Agency filed a motion for emergency dispositional review hearing alleging that it learned on January 8, 2019, that

---

[1] We note that the order was dated December 20, 2018, but docketed on December 28, 2018.

Mother had moved on January 2, 2019, from Missouri to Kansas without informing the Agency, the trial court, or the guardian ***ad litem***. The Agency requested a hearing to determine the issue of Child's placement because Mother's move from Missouri to Kansas made the Agency unable to comply with the trial court's December 28, 2018 order that required that Child be released to Mother's custody by January 31, 2019.

On January 14, 2019, Father filed a petition for emergency relief and request to strike the December 28, 2018 order alleging that

> in addition to [Mother's] deception to the [trial c]ourt regarding her living situation, [Mother] was not forthright in either her psychological evaluation or in the information that she presented in her home study.

Father's petition for emergency relief and request to strike order, 1/14/19 at 1-2, ¶ 4.

Father also alleged that due to Mother's "instability" and "deceptive testimony" and as a "result of [Father's] dedication, perseverance, and accomplishments[,]" the trial court should "favorably consider placing the Child with Father." (***Id.*** at 2.) On January 25, 2019, the trial court entered the dispositional order that ordered legal and physical custody of Child to remain with the Agency and that Child remain in kinship foster care pending the successful completion of the ICPC requirements so that Child could be moved from Pennsylvania to Kansas and placed in the physical care and custody of Mother under court-ordered protective supervision. (Dispositional order, 1/25/19 at 1.)

On February 25, 2019, Father filed a notice of appeal of the January 25, 2019 dispositional order, together with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).[2]  On March 7, 2019, Mother filed with this court an application to quash appeal as untimely, alleging that the January 25, 2019 dispositional order is not a final order because it merely modified the December 28, 2018 final order, which Father did not appeal, only insofar as staying legal and physical custody of Child with the Agency and keeping Child in kinship foster care pending the successful completion of ICPC requirements in Kansas, at which time Child would be released to Mother's custody under court-ordered protective supervision. (Mother's application to quash appeal as untimely, 3/7/19 at 1-2.)  Father filed a timely response wherein he baldly alleged that "even if per case law . . . the December 28[, 2018] order was a Final Order for the purposes of appeal, it does not hold that the January 2[5], 2019 Order is not also a Final Order for the purposes of appeal."  (Father's answer to Mother's application to quash appeal as untimely, 3/21/19 at 2, ¶ 5.)  Father further alleged that the trial court's January 25, 2019 order "reversed the December 28, 2018 order . . . which gave [Mother] Physical Custody and required [the Agency] to transfer custody to Mother [by] January 31st 3019 [sic]" "by keeping [C]hild in custody of [the Agency] until such time as the Mother successfully completes an [ICPC] review in Kansas."  (*Id.* at ¶ 9.)

---

[2] We note that the trial court filed a Rule 1925(a) opinion on April 11, 2019.

On April 22, 2019, this court entered an order denying Mother's motion to quash without prejudice to raise the issue in her appellate brief. Mother raised the appealability issue in her brief. Father, the Agency, and the guardian *ad litem* also addressed the appealability issue in their appellate briefs.

At the outset, we note that this court lacks jurisdiction over an unappealable order. *See Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa.Super. 2000). Furthermore,

> [i]t is well-settled that, an appeal lies only from a final order, unless permitted by rule or statute. Generally, a final order is one that disposes of all claims and all parties. *See* Pa.R.A.P. 341(b). Moreover, with regard to dependency matters, an order granting or denying a status change, as well as an order terminating or preserving parental rights, shall be deemed final when entered.

*In the Interest of N.M.*, 186 A.3d 998, 1006 (Pa.Super. 2018) (internal quotation marks, brackets, and case law citations omitted).

Here, the record reflects that the trial court entered its first permanency review order on January 23, 2018. In that order, the trial court found that Child remained dependent and directed that legal and physical custody was to remain with the Agency and Child's placement was to remain in kinship foster care. The placement goal for Child was "return to parent or guardian" with a concurrent placement plan of "adoption." (Permanency review order, 1/23/18 at 1-2.) On April 11, 2018, the trial court entered a permanency review order wherein it again found that Child remained dependent, again directed that

legal and physical custody remain with the Agency, again directed that Child's placement was to remain in kinship foster care, and again made no changes to the placement goal or the concurrent placement plan. (Permanency review order, 4/11/18.) On October 15, 2018, the trial court entered a permanency review order again finding that Child remained dependent and again making no changes to Child's legal and physical custody, placement, placement goal, or concurrent placement plan. (Permanency review order, 10/15/18.)

Following a hearing on December 20, 2018, the trial court entered a permanency review order on December 28, 2018, finding that Child remains dependent, but that placement is no longer necessary. The order also directed a permanent placement goal change of return to parent. The trial court further ordered that physical custody of Child "shall return to Mother" and that Child "shall be released to the physical custody of [Mother]" under court-ordered protective supervision "by January 31, 2019" and that Child's case be transferred to a Children and Youth Agency in Missouri. (Permanency review order, 12/28/18 at 1-2.) Father did not appeal from the December 28, 2018 order that changed the status of Child's placement and physical custody and that required that the transition of Child's physical custody from the Agency to Mother be completed by January 31, 2019. Rather, Father appealed from the January 25, 2019 dispositional order that did not change the status of Child's placement and physical custody as it was set forth in the December 28, 2018, but merely extended the time period in which to complete the transition

of Child's physical custody to Mother because of the need to meet ICPC requirements as a result of Mother's move to Kansas. Therefore, the January 25, 2019 dispositional order is not a final, appealable order.

We further note that a reading of Father's brief reveals that Father wishes to challenge findings of fact that the trial court made at the December 20, 2018 permanency review hearing that resulted in entry of the December 28, 2018 final, appealable order that changed the status of Child's placement and physical custody.[3] Because Father did not appeal the December 28, 2018 order, however, we are without jurisdiction to entertain his challenge. Pa.R.A.P. 903 (requiring that "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken"); *see also Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa.Super. 2011) (reiterating that a timely filed notice of appeal vests jurisdiction in this court).

---

[3] We note that Father's brief rehashes testimony from permanency review hearings that occurred on January 19, 2018, April 2, 2018, and December 20, 2018, in an effort to convince this court to reject the trial court's factual finding that Child fears Father. (Father's brief at 21-26.) Notwithstanding Father's failure to preserve his challenge, we remind Father that this court's standard of review in dependency cases requires us to accept the trial court's factual findings and credibility determinations. *See In the Interest of M.T.*, 101 A.3d 1163, 1172 (Pa.Super. 2014).

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/22/2019</u>