J-S38018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTIAN STEPIEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUZANNE M. DIAZ F/K/A SUZANNE | : | |
| M. STEPIEN | : | |
| | : | |
| | : | No. 1179 EDA 2022 |
| Appellant | : | |

Appeal from the Order Entered April 12, 2022
In the Court of Common Pleas of Carbon County
Civil Division at 15-1186

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:             **FILED DECEMBER 22, 2022**

Suzanne M. Diaz, f/k/a Suzanne M. Stepien (Appellant), appeals from the order denying her request for reconsideration and reinstating a prior order directing her to pay to Appellee, Christian Stepien (Father), "the sum of $1998.75 … to reimburse [Father] for unnecessary expended attorneys fees." Order, 11/29/21, at 2 (footnote omitted).  We affirm.

Appellant and Father are the divorced parents of two children.  The trial court recounted the case history as follows:

> Th[e parties'] custody action began on June 10, 2015, with the filing of a custody complaint by [Father].  Many years and many filings have come and gone during these contentious custody proceedings.  The latest modification of custody filing occurred on February 7, 2020, when [Father] sought a modification of primary physical custody.  After not resolving the matter before the Hearing Officer, the matter was scheduled for a Pre-Trial Conference with the undersigned on July 1, 2020.  When this conference did not result in a resolution, it was thereafter

scheduled for a Custody Trial on November 3, 2020. In the meantime, what brings this matter to the [Superior] Court seven years after this began is the filing on July 9, 2020, of [Appellant's] "Motion for Mental Health Assessment of [Father] Pursuant to Pa.R.C.P. 1915.8." As a result, on September 2, 2020, a hearing was held on the Motion for the Mental Health Assessment. At that hearing, over the objection of [Father], [Appellant] presented testimony, including from the two [] children[,] outlining a number of incidents which called into question the mental stability of [Father]. After this hearing, the parties were given the opportunity to lodge legal memorandums in support of their respective positions. Thereafter, on September 30, 2020, this Court granted [Appellant's] request and directed that a psychological evaluation be performed on [Father]. This order also set forth the time and expense parameters for how this evaluation was to occur.

On November 3, 2020, the Custody Trial began, however, it did not conclude that day and a second day was set aside "for the purpose of taking testimony relating to the mental health evaluation of [Father]." The second day set aside for this expert testimony was January 26, 2021. On this date, [Appellant] made an oral motion to vacate the September 30, 2020, Order pertaining to the mental health evaluation as "she no longer wishes to pursue her request that [Father] undergo a mental health evaluation." A final order was thereafter issued on February 16, 2021, on [Father's] Petition for Modification.

Thereafter, on April 20, 2021, [Father] filed a Motion for Sanctions. In that motion, [Father] argued that he should be awarded attorney fees based upon the fact that [Appellant] filed the motion to have him evaluated, which he vigorously defended, and then after [Father] complied with his obligations under the Order, [Appellant] abandoned this part of her defense of the Petition for Modification of Custody filed by [Father]. [Father] believes that he is entitled to these fees pursuant to 23 Pa.C.S.A. § 5339 and 42 Pa.C.S.A. § 2503.

[Appellant] argued that [Father] is not entitled to attorney fees as a result of her failure to abandon the mental health evaluation which she claimed was done purely for financial reasons. In so arguing, she claimed that [Father] cannot recover attorney fees since the order on which he relies had been vacated several months earlier.

[The trial court conducted a contempt hearing on August 11, 2021.]

On November 29, 2021, this [c]ourt issued an order granting [Father's] Motion for Sanctions and awarded him $1,998.75, the counsel fees expended by [Father] in defense of [Appellant's] Motion for the Mental Health Evaluation. In a footnote to that order, this [c]ourt briefly explained our rationale for finding in favor of [Father].

On December 9, 2021, [Appellant] filed a Motion for Reconsideration pursuant to Pa.R.C.P. 1930.2, which we expressly granted on December 16, 2021, pending further hearing and argument. [Father] filed an answer to this Motion for Reconsideration arguing that not only did the motion have no merit but that the Motion for Reconsideration should have been filed pursuant to Pa.R.A.P. 1701(b)(3) and not Pa.R.Civ.P.1930.2, as the latter does not permit post-trial relief in domestic matters and it also makes reference to motions for reconsideration being filed pursuant to the above referenced appellate rule.

On April 12, 2022, this [c]ourt denied further relief to [Appellant] on her Motion for Reconsideration and reinstated the Order of November 29, 2021, requiring her to reimburse [Father] the sum of $1,998.75. Thereafter, on May 3, 2022, [Appellant] filed the instant appeal. Pursuant to our order directing its filing, [Appellant] filed a timely concise statement of matters complained of on appeal.

Trial Court Opinion, 6/30/22, at 1-5 (footnotes omitted).

Appellant presents the following questions for review:

A. WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW, ABUSED ITS DISCRETION OR OTHERWISE RULED IMPROPERLY IN DISREGARDING ITS ORDER OF JANUARY 24, 2021, VACATING ITS PRIOR ORDER OF SEPTEMBER 30, 2020, UPON WHICH THE TRIAL COURT EXPRESSLY RELIED IN ITS SUBSEQUENT ORDER OF NOVEMBER 29, 2021, IMPOSING A MONETARY SANCTION UPON [APPELLANT] FOR HER ALLEGED FAILURE TO COMPLY WITH THE TERMS OF THAT VACATED AND THEREFORE NON-EXISTENT PRIOR ORDER OF SEPTEMBER 30, 2020[?]

1. WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW, ABUSED ITS DISCRETION OR OTHERWISE RULED IMPROPERLY IN ORDERING [APPELLANT] TO PAY A MONETARY SANCTION WITHOUT ADJUDICATING [APPELLANT] TO HAVE BEEN IN CONTEMPT OF THE PREVIOUSLY VACATED ORDER DATED SEPTEMBER 30, 2020 (TO WHICH IT SPECIFICALLY REFERS IN ITS SANCTIONING ORDER OF NOVEMBER 29, 2021), OR TO OTHERWISE CITE ANY SPECIFIC LEGAL BASIS FOR ITS IMPLIED AUTHORITY TO IMPOSE SUCH A SANCTION UPON [APPELLANT][?]

B. WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW, ABUSED ITS DISCRETION OR OTHERWISE RULED IMPROPERLY IN RETROACTIVELY REEVALUATING THE "INCOME AND ASSETS" AVAILABLE TO [APPELLANT] FOR THE UP-FRONT PAYMENT OF ANY COSTS FOR [FATHER'S] MENTAL HEALTH ASSESSMENT, AS DIRECTED IN ITS PREVIOUSLY VACATED ORDER OF SEPTEMBER 30, 2020, BY IMPUTING AN INHERITANCE WHICH HAD BEEN RECEIVED BY [APPELLANT'S] CURRENT HUSBAND, CONTRARY TO THE PRINCIPLES OF ESTABLISHED PENNSYLVANIA LAW[?]

C. WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW, ABUSED ITS DISCRETION OR OTHERWISE RULED IMPROPERLY IN RETROACTIVELY DETERMINING THAT [APPELLANT] FAILED TO SUFFICIENTLY "INVESTIGATE THE CONSEQUENCES OF HER MOTION IN THE EVEN[T] THE COURT GRANTED IT, INCLUDING ANY COSTS ASSOCIATED THEREWITH", CONTRARY TO THE TERMS OF ITS VACATED ORDER OF SEPTEMBER 30, 2020, UPON WHICH THE TRIAL COURT NEVERTHELESS CONTINUED TO CITE AND RELY IN ITS SANCTIONING ORDER OF NOVEMBER 29, 2021[?]

Appellant's Brief at 22-23.

In each of her issues, Appellant claims the trial court erred and abused its discretion in granting Father's motion for sanctions.[1] "Our standard of

---

[1] The trial court observed:
*(Footnote Continued Next Page)*

review of an award of counsel fees is well-settled: we will not disturb a trial court's determination absent an abuse of discretion. A trial court has abused its discretion if it failed to follow proper legal principles or misapplied the law." ***Moyer v. Leone***, 260 A.3d 245, 252 (Pa. Super. 2021) (citation omitted). "If the record supports a trial court's finding of fact that a litigant violated the conduct provisions of the relevant statute providing for the award of attorney's fees, such award should not be disturbed on appeal." ***Kulp v. Hrivnak***, 765 A.2d 796, 799 (Pa. Super. 2000).

In response to Father's petition to modify custody, Appellant filed a motion requesting that Father undergo a mental health assessment.[2] According to Father:

> As part of defending against [Appellant's] motion, [] Father had to expend significant resources, including preparing with

---

Interestingly, [Appellant] does not complain that the [c]ourt erred in awarding these fees on the basis that her conduct was not obdurate, vexatious, repetitive or in bad faith. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Accordingly, for purposes of this [a]ppeal, this critical issue is waived.

Trial Court Opinion, 6/30/22, at 12.

[2] "The court may order the child(ren) and/or any party to submit to and fully participate in an evaluation by an appropriate expert or experts. The order … may be made … upon the motion of a party with reasonable notice to the person to be examined, or by agreement of the parties. The order shall specify the place, manner, conditions and scope of the examination and the person or persons by whom it shall be made and to whom distributed." Pa.R.C.P. 1915.8.

counsel, legal research, preparing a memorandum of law, and preparation for and attendance at the hearing.

Additionally, and perhaps more unfortunate, [] Father endured [Appellant's] tactic to present the Children as witnesses in this hearing.

On or about October 1, 2020, the trial court granted [Appellant's] motion for a mental evaluation. []

At all times, [] Father complied with the Order. However, [**Appellant] ultimately failed to pay the required deposit for the evaluation**.

Counsel for [Appellant] admitted this fact in open court. []

As her counsel admitted, … [Appellant] was fully aware of her obligation to make the required deposit and nonetheless failed to do so.

**As a result, no evaluation occurred**.

[Appellant's] actions in failing to follow the court's order and failing to make the required deposit resulted in needless time and expense to [the trial court] and to [] Father.

By failing to abide by [the trial court's] order, [Appellant's] actions are willful, wanton, unreasonable, obdurate, vexatious, and/or in bad faith.

Pursuant to 23 Pa.C.S.A. § 5339, Pennsylvania law, specifically the Custody Act, permits an award of counsel fees against a party, or his counsel, for conduct which is obdurate, vexatious, repetitive or in bad faith.

Father's Motion for Sanctions, 4/20/21, at 2 (paragraph numbers omitted, emphasis added).

The Custody Act provides that "a court may award reasonable interim or final counsel fees, costs and expenses to a party if the court finds that the

conduct of another party was obdurate, vexatious, repetitive or in bad faith." 23 Pa.C.S.A. § 5339.

Appellant first assails the award of counsel fees on the basis that the trial court vacated the order granting her motion for the mental health assessment. *See* Appellant's Brief at 45. This argument is disingenuous insofar as the trial court vacated the September 30, 2020, order, "upon consideration of the oral motion of [Appellant] … that she no longer wishes to pursue her request[.]" Order, 1/26/21. Also, Father filed his motion for sanctions before the trial court vacated the order. The trial court explained:

> All of the actions that [Father] based his motion on occurred prior to that order being vacated. Therefore, [Father] was within his rights to seek counsel fees and the [c]ourt was correct in finding that the award of counsel fees was for [Appellant's] conduct prior to [when] the order was vacated[.]

Trial Court Opinion, 6/30/22, at 8. The record supports the trial court's determination. Thus, we discern no merit to Appellant's first issue.

Appellant next claims the trial court erred by "retroactively reevaluating" her income and assets available to pay her share of Father's mental health assessment. Appellant's Brief at 54. Appellant specifically faults the court's determination that "it was appropriate to inquire into [Appellant's] income and assets, including her husband's recent inheritance[.]" Trial Court Opinion, 6/30/22, at 10. Appellant maintains the trial court improperly considered her husband's inheritance because her husband is not a party to this case, and

- 7 -

"under no obligation to spend any part of *his* inheritance on [*Father's*] mental health evaluation." Appellant's Brief at 56 (italics in original).

At the contempt hearing, Appellant testified that Father's mental health evaluation cost $2,500, and she was responsible for the amount not covered by insurance. N.T., 8/11/21, at 64-65. Appellant learned that insurance would not cover any portion of the evaluation. *Id.* She admitted she did not pay the $2,500. *Id.* at 65. However, in the year after Appellant filed the motion requesting the mental health assessment, she purchased a new home and new car. *Id.* Appellant testified she and her husband "were able to afford" the new home and car because her husband's "aunt passed away and there was an inheritance" of "150,000 maybe, something like that." *Id.* at 68. Appellant also testified that she works from home and earns "$48,000 a year." *Id.* at 71. Appellant stated she did not proceed with the evaluation because she "couldn't afford it." *Id.* at 72.

The trial court emphasized that "part of, if not the main reason [Appellant] abandoned the issue of [Father's] mental health status for the trial, was her claimed inability to pay the costs of the assessment in accordance with the order of September 30, 2020." Trial Court Opinion, 6/30/22, at 9. The court continued:

> With these financial obligations in mind and knowing full well what her responsibilities would include, [Appellant] pressed forward. Once she abandoned this process and [Father] filed the Motion for Sanctions, it was appropriate for the [c]ourt to determine if [Appellant was] credible in her assertion that she could not afford the costs associated with her request. Accordingly, it was

- 8 -

appropriate to inquire into her income and assets, including her husband's recent inheritance in determining whether her intent to abandon this process was financially motivated or something else. Therefore, inquiring into and determining that financial distress was not present when the September 30, 2020, Order was issued, was proper.

***Id.*** at 10. The record supports the trial court's analysis. Again, we discern no error.

Finally, Appellant argues the trial court erred by

retroactively determining that [Appellant] failed to sufficiently 'investigate the consequences of her motion in the event the court granted it, including any costs associated therewith,' contrary to the terms of its vacated order [granting the mental health assessment], upon which the trial court nevertheless continued to cite and rely [on] in its sanctioning order of November 29, 2021.

Appellant's Brief at 57-58.

Appellant's argument is a page and a half in length and lacks citation to any legal authority. Moreover, it is not persuasive. As the trial court stated, "a party must be cognizant of any action they take during litigation; it could have consequences." Trial Court Opinion, 6/30/22, at 11. The court opined:

Questioning a person's mental health status, especially in custody cases, is a precarious thing to do. Additionally, placing minor children on a witness stand to testify as to their emotional and mental state as a result of a claimed mental health deficiency in the other parent could be dangerous insofar as the impact on those children is concerned. To succeed, regardless of these impacts, in having a court grant the motion for a mental health assessment, then benefits that party at trial if it is determined that the other party does in fact have such a mental health deficiency. In the case *sub judice*, [Father] vehemently opposed the granting of this motion. Further, he objected to [Appellant] having the children testify for the very reasons noted herein. [Appellant] should have been cognizant of these impacts prior to pursuing this assessment. Further, she should have been equally cognizant of

the consequences of the abandoning of this issue and the assessment after subjecting the children and [Father] to this process.

*Id.* at 11-12 (underline in original).

The trial court's analysis demonstrates that it properly exercised its discretion. Accordingly, there is no merit to Appellant's final issue.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *12/22/2022*