J-S08014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| J.G., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| S.E., | |
| Appellee | No. 1231 WDA 2015 |

Appeal from the Order Entered July 20, 2015,
in the Court of Common Pleas of Mercer County,
Civil Division, at No: 2014-3918

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 8, 2016**

J.G. (Father) appeals from the order entered July 20, 2015, in the Court of Common Pleas of Mercer County, which modified two existing custody orders by awarding S.E. (Mother) with expanded periods of partial physical custody of L.E. (Child).  After careful review, we quash the appeal.

Child was born in January of 2014.  On December 26, 2014, Father, acting *pro se*, filed a complaint for custody.  On March 13, 2015, the Honorable Thomas R. Dobson entered an order awarding Father "temporary primary physical custody of the child due to [Mother's] current family situation with her husband."  Order, 3/13/15, at 2 (unpaginated).  The order also awarded Mother periods of partial physical custody on Mondays, Wednesdays, and Fridays, and awarded both parents shared legal custody.  On April 29, 2015, Judge Dobson entered an order which temporarily

modified the March 13, 2015 order. Specifically, the order reduced Mother's periods of partial physical custody to a three-hour visit each Monday and Friday. The order further provided that the court's prior custody arrangement would be reinstated once Mother moved into her new residence.

On June 22, 2015, Mother, now represented by counsel, filed a petition for special relief, in which she averred that she had moved into her new residence, but that Father was withholding custody of Child. A hearing on Mother's petition was held before the Honorable Daniel P. Wallace on July 17, 2015. During the hearing, Judge Wallace agreed with counsel for Mother that Mother's periods of partial physical custody should be expanded. N.T., 7/17/15, at 7-8. However, Judge Wallace stressed that the order he would be entering would last only until a pre-hearing conference scheduled for August of 2015. *Id.* at 5, 8-9, 11, 14. Following the hearing, on July 20, 2015, Judge Wallace entered the subject custody order, which awarded Mother partial physical custody of Child every weekend. Father, now also represented by counsel, timely filed a notice of appeal on August 14, 2015, along with a concise statement of errors complained of on appeal.

Father raises the following issues for our review.

[1.] Did the [trial c]ourt err in entering a Custody Order without considering the factors outlined in 23 Pa.C.S.A. § 5328?

[2.] Did the [trial c]ourt err in entering a Custody Order without making specific findings as to the best interest of the subject child?

- 2 -

Father's brief at 8.

Before reaching the merits of Father's issues, we first must consider whether the July 17, 2015 custody order was appealable. "'[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.'" ***Gunn v. Automobile Ins. Co. of Hartford, Connecticut***, 971 A.2d 505, 508 (Pa. Super. 2009) (quoting ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa. Super. 2000)).

It is well-settled that, "[a]n appeal lies only from a final order, unless permitted by rule or statute." ***Stewart v. Foxworth***, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. ***See*** Pa.R.A.P. 341(b). "[A] custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." ***G.B. v. M.M.B.***, 670 A.2d 714, 720 (Pa. Super. 1996).

Here, Judge Wallace concluded that the subject custody order was interlocutory, because it was only intended to be temporary. Trial Court Opinion, 9/14/15, at 1-2 (unpaginated). Father argues that the order was final, because "the pretrial conference was scheduled more than thirty (30) days after the entry of the Order, thereby rendering it a final Order since the

[c]ourt did not reschedule a hearing on [Mother's] Petition for Special Relief." Father's brief at 11.

After reviewing the record in this matter, it is clear that the subject custody order was not final and appealable. At the time Judge Wallace entered the order, a hearing on the merits of the parents' custody dispute had not yet taken place. Moreover, the subject custody order was not intended to constitute a complete resolution of the custody claims pending between the parties. To the contrary, Judge Wallace stated repeatedly that the order was intended only to last until the parents' pre-hearing conference before Judge Dobson in August of 2015. *See, e.g.,* N.T., 7/17/15, at 5 ("So it's only going to be effective until August anyway; just to make sure you understand. I am not willing to enter any order that will last longer than that . . . ."). The order itself provides, "[t]his Order shall be temporary in nature . . . ." Order, 7/20/15, at 4.

Accordingly, because the subject custody order is not a final order, we are without jurisdiction to entertain Father's claims.[1] Therefore, the appeal must be quashed.

Appeal quashed.

---

[1] We also observe that the order is not appealable as a collateral order pursuant to Pa.R.A.P. 313. The order is not an interlocutory order appealable as of right, pursuant to Pa.R.A.P. 311, and Father did not attempt to bring this appeal before this Court as an interlocutory appeal by permission pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016