J-A05029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NELLILOU & THOMAS MUIR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT P. HELLER AND CYNTHIA A. | : | |
| ERTLEY F/K/A CYNTHIA A. | : | |
| ZIMMERMAN, JARED ZIMMERMAN | : | |
| AND KIMBERLY LITZ | : | |
| | : | |
| Appellants | : | No. 733 MDA 2021 |

Appeal from the Order Entered May 7, 2021,
in the Court of Common Pleas of Clinton County,
Civil Division at No(s):  2019-00309.

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:               **FILED:  APRIL 26, 2022**

In this residential-boundary dispute, Robert P. Heller, Cynthia A. Ertley,

Jared Zimmerman, and Kimberly Litz (collectively, "the Hellers") appeal from

the non-jury decision in favor of Nellilou and Thomas Muir.  We quash.

The Muirs have lived next to the Hellers since 1995.  For 23 years, the

Muirs and their various tenants maintained and utilized a 12 x 297.97 feet

strip of land between the parties' houses.  That strip belonged to the Hellers.

On September 26, 2017, Mr. Zimmerman confronted the Muirs over their use

of the disputed strip.  The Muirs sued for title based on adverse possession.[1]

---

[*]Former Justice specially assigned to the Superior Court.

[1] Adverse possession allows a person to achieve title to another's property by
operation of law; it requires possession for a length of time as set in 68 P.S.
§§ 81–88.  A claimant "must prove actual, continuous, exclusive, visible,
*(Footnote Continued Next Page)*

In a May 7, 2021 Order, the trial court rendered a non-jury decision in favor of the Muirs. On May 17, 2021, the Hellers sought post-trial relief.

Twenty days later, with their post-trial motion scheduled for argument, the Hellers appealed from the May 7th Order. The trial court proceeded under Pennsylvania Rule of Appellate Procedure 1701(b)(6). It heard argument on the post-trial motion and denied relief. The court entered judgment on July 16, 2021, and the Hellers did not file an appeal from that judgment.

Although the Muirs have not challenged the timing of this appeal, "it is nevertheless appropriate for us in this instance to raise that issue, because it goes to the jurisdiction of the Court." **Fried v. Fried**, 501 A.2d 211, 212 (Pa. 1985). This Court lacks jurisdiction over an unappealable order, and we may raise jurisdictional issues *sua sponte*. **See Kulp v. Hrivnak**, 765 A.2d 796, 798 (Pa. Super. 2000). Subject-matter jurisdiction presents a pure question of law, for which "the standard of review . . . is *de novo*, and the scope of review is plenary." **In re Admin. Order No. 1-MD-2003**, 936 A.2d 1, 5 (Pa. 2007) (case citations and some punctuation omitted).

An "appeal may be taken of right from any final order . . . ." Pa.R.A.P. 341(a). A final order is one disposing of all claims and all parties, is expressly defined as a final order by statute, or is declared so by the trial court. **See** Pa.R.A.P. 341(b); **Ben v. Schwartz**, 729 A.2d 547, 550 (Pa. 1999). The

___

notorious, distinct, and hostile possession of the land for 21 years." **Weible v. Wells**, 156 A.3d 1220, 1224 (Pa. Super. 2017).

latter two types of final orders clearly do not apply in this case. As for the first type, like a jury verdict, a non-jury decision does not dispose of all claims or all parties. This is due to the fact that a non-jury decision is subject to post-trial relief, *i.e.*, the trial court's power to modify, vacate, or reverse its prior decision. ***See*** Pa.R.C.P. 227.1. Therefore, a non-jury decision is not a final, appealable order.

As a result, after a party moves for post-trial relief, the appeal "lies from ***the entry of judgment***." ***Billig v. Skvarla***, 853 A.2d 1042, 1048 (Pa. Super. 2004) (emphasis added) (quoting ***K.H. and D.A.H. v. J.R. and N.R.***, 826 A.2d 863, 871 (Pa. 2003)).

Thinking June 7, 2021 was their appellate deadline, the Hellers appealed from the non-jury decision. ***See*** Hellers' Brief at 7 n.2. However, their 30 days to appeal had not started to run; their post-trial motion was still pending, and the trial court had a minimum of 120 days to dispose of that motion. ***See*** Pa.R.C.P. 227.4(1)(b).[2] The premature notice of appeal had no legal force or effect. ***See*** Pa.R.A.P. 1701(b)(6).

---

[2] As the Rules of Civil Procedure explain:

> The amendment to Rule 227.4 permits any party to an action to file a praecipe for judgment when a timely motion has been filed and remains undecided ***for more than one hundred twenty days after filing***.
>
> The rule is optional with the parties. If settlement negotiations are continuing, they may have little interest in a prompt appeal. If time is not of the essence, they may

*(Footnote Continued Next Page)*

The Hellers ask us to forgive their procedural misstep. "To the extent [this] appeal was premature, it is respectfully submitted that any defect occasioned thereby has been cured, in that the Muirs filed a praecipe for entry of judgment in the trial court on July 9, 2021." *Id.* They cite Pa.R.A.P. 905(a)(5) for support. Their reliance upon that Rule is misplaced.

Pa.R.A.P. 905(a)(5) provides, "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Admittedly, in ***Johnston the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511 (Pa. Super. 1995) (*en banc*), we found our jurisdiction perfected where appellant prematurely appealed from an order denying post-trial relief and judgment

---

await the decision of the trial court. However, the rule provides the parties with the ability to "move the case along."

If a motion remains undecided and a praecipe for judgment is entered at the earliest permissible time, the maximum post-trial delay is one hundred thirty days, *i.e.*, ten days in which to file the motion and one hundred twenty days in which to decide it. The potential delay inherent in Rule of Appellate Procedure 1701(b)(3) providing for reconsideration of an order is avoided by prohibiting reconsideration of the judgment. The judgment entered is effective as to all parties and all issues so that the case in its entirety is ready for the appellate process.

The rule does not provide an automatic limit upon the time in which the court may make its ruling. However, it does provide a time standard by which the parties and the court may proceed.

Pa.R.C.P. 227.4, EXPLANATORY COMMENT--1995 (emphasis added).

was later entered. In that situation, the subsequent entry of judgment merely recorded and finalized the denial of post-trial relief. No further adjudication was required of the trial court. Its work was complete, save for the ministerial act of recording a judgment. Thus, we proceeded as if appellant had appealed from the judgment instead of the order denying post-trial relief under Pa.R.A.P. 905(a)(5).

Unlike the procedural posture of **Johnston the Florist**, here, the trial court's work was incomplete when the Hellers appealed the non-jury decision. The trial court still had jurisdiction to modify, vacate, or reverse its decision; it had not yet ruled on the motion for post-trial relief. **See** Pa.R.A.P. 227.1 As such, this case was not over.

The instant matter was not just awaiting a prothonotary's ministerial act of reducing a post-trial order to an appealable judgment. Instead, the trial court's subsequent July 8, 2021 Order denying post-trial relief was a new determination. After further review of the record by the trial court, that court ruled that it did not err in fact or law. Moreover, after a trial, we do not review a non-jury decision or jury verdict. We only review the lower court's post-trial decision on appeal.

Hence, the Hellers' appeal was not filed after the announcement of the "determination but before the entry of an appealable order" under Pa.R.A.P. 905(a)(5). They appealed from the non-jury decision – an interlocutory order that was subject to post-trial correction. Therefore, we hold Rule 905(a)(5) does not apply to an appeal from an order delivering a non-jury decision.

- 5 -

In short, this Court lacks jurisdiction.[3]

Appeal quashed.

President Judge Emeritus Stevens joins this Memorandum.

Judge Olson files a Dissenting Memorandum.

_____

[3] Even if the Hellers had properly appealed from the judgment, they would not succeed. At trial, the parties related vastly different versions of events concerning the use of the disputed strip of land. All five of the Hellers' appellate issues hinge on us adopting their recollections of the facts and discarding the trial court's factual findings. The Hellers assert that the trial court "erred and abused its discretion in failing to consider, much less accept or reject" their evidence and testimony. Hellers' Brief at 8. They are wrong on two counts.

First, we know the trial court considered and rejected the evidence favorable to the Hellers, because it delivered a non-jury decision against them. Like a jury, a trial court need not explain why it believed or disbelieved each witness or propound upon how it weighed every piece of evidence.

Second, the Hellers think the trial court's decision to ascribe no weight to their evidence is subject to an abuse-of-discretion review. It is not. When sitting as the finder of fact, the "trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations and resolve conflicts in the evidence." *Triffin v. DiSalvo*, 643 A.2d 118, 120 (Pa. Super. 1994). Thus, credibility is solely within the province of the trial court; it is beyond our scope of review.

None of the Hellers' appellate claims would have succeeded, including their final issue raising a pure question of law. That issue is predicated upon this Court determining that the trial court made incorrect factual findings. We are not at liberty to revisit credibility determinations. *See id.*

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/26/2022