NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3448
_____

AVCO CORP,
Appellant

v.

VERONICA W. SALTZ TURNER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:20-cv-04073)
District Judge:  Honorable Joshua D. Wolson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 8, 2023

Before: RESTREPO, SCIRICA, and SMITH, *Circuit Judges*

(Filed: January 10, 2024)
_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

The relationship between an attorney and her client demands loyalty and

confidentiality, even after the relationship ends. *See Maritrans GP Inc. v. Pepper,*

_____

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

*Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992). But it does not indefinitely prohibit the attorney from engaging in work on the other side of the bar that does not substantially relate to the work she did for her previous client. *Javorski v. Nationwide Mut. Ins. Co.*, No. 3:06-CV-1071, 2006 WL 3242112, at *7 (M.D. Pa. Nov. 6, 2006).

Appellant Avco Corporation ("Avco") opposed Appellee Veronica W. Saltz Turner's representation of plaintiffs adverse to Avco and sued for breach of fiduciary duty. But in bringing its claim, Avco had a burden to produce evidence that the subject matter of the representation was substantially related to Turner's previous representation of Avco. *Id.* The District Court found Avco did not meet that burden and granted summary judgment in favor of Turner and denied Avco's motion for summary judgment. For the reasons that follow, we will affirm.

I.

Avco manufactures and sells piston engines for aircrafts. Over the course of twelve years, Lycoming Engines, a division of Avco, retained Turner in connection with a number of products liability actions involving its engines. Turner terminated her representation of Lycoming in November 2017 and ended her attorney-client relationship with Avco completely in June 2018.

In March 2020, the Wolk Law Firm, opposing counsel in several of Turner's Lycoming products liability cases, retained Turner to assist in *Torres v. Honeywell, Inc.*,[1]

---

[1] Although the *Torres* plaintiffs filed claims in Arizona, Delaware, California, and New Jersey, Turner was only retained for the case in Arizona. *See* Second Amended Complaint, *Torres v. Honeywell, Inc.*, No. CV2017-007542 (Ariz. Super. Ct. July 31, 2018).

2

representing plaintiffs against Avco and other engine manufacturers following a plane crash. At the time Turner was retained, the trial court had dismissed Avco from the lawsuit for lack of personal jurisdiction. But the *Torres* plaintiffs were appealing Avco's dismissal, creating a possibility that Avco could be brought back into the case.[2]

Turner's work on *Torres* consisted of preparing *Daubert* motions, responding to the *Daubert* motions of two non-Avco defendants, and examining expert witnesses at a July 22, 2020 *Daubert* hearing that did not involve Avco. Following the hearing, Turner ceased her work on *Torres*. In August 2020, Avco sued Turner for breach of fiduciary duty, seeking damages, disgorgement, and declaratory and injunctive relief.

## II.

The District Court initially granted summary judgment to Turner without determining the existence of a breach of fiduciary duty because it found that Avco did not establish a dispute of fact with respect to an "actionable injury." *Avco Corp. v. Turner*, No. 2:20-cv-04073, 2021 WL 3722274, at *1–2 (E.D. Pa. Aug. 23, 2021), *vacated and remanded*, No. 21-2750, 2022 WL 2901015 (3d Cir. July 22, 2022). On appeal, this Court explained that Avco "need not show injury beyond the breach of fiduciary duty itself." *Avco Corp. v. Turner*, No. 21-2750, 2022 WL 2901015, at *2 (3d Cir. July 22, 2022) (citing *Maritrans GP Inc.*, 602 A.2d at 1285). We remanded for consideration of whether there was a dispute of fact as to the existence of a fiduciary relationship and

---

[2]     That appeal was ultimately denied because, *inter alia*, "Avco presented undisputed evidence that it did not manufacture or install the turbocharger" at issue in the litigation. *Torres v. Avco Corp.*, No. 1 CA-CV 19-0645 (Ariz. Ct. App. Nov. 24, 2020).

Turner's alleged breach, which might entitle Avco to disgorgement and injunctive relief. *Id.* at *4.

On remand, the District Court allowed supplemental briefing on the issue of disgorgement and breach of fiduciary duty. Finding that Avco failed to prove Turner breached a fiduciary duty of loyalty, the District Court again granted Turner's motion for summary judgment. *Avco Corp. v. Turner*, No. 2:20-cv-04073, 2022 WL 17251250, at *4 (E.D. Pa. Nov. 28, 2022). Avco timely appealed.

III.[3]

We exercise plenary review of a grant or denial of summary judgment. *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 557 (3d Cir. 2008). Summary judgment is required where there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Avco, as the party opposing summary judgment, must produce sufficient evidence in the record for a jury to reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also* Fed. R. Civ. P. 56(c)(1)(A)–(B).

The Pennsylvania Rules of Professional Conduct prohibit a lawyer who has previously represented a client from:

> (a) represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client . . . ; or (b) us[ing] information relating to the representation to the disadvantage

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1332(a). This Court has jurisdiction under 28 U.S.C. § 1291.

of the former client except . . . when the information has become generally known.

Pa. R. Prof. Conduct, Rule 1.6. Avco claims Turner breached her common law fiduciary duty, which mirrors the Rules of Professional Conduct. Under Pennsylvania law, to establish a dispute over whether Turner breached her fiduciary duty, Avco needed to produce evidence that Turner undertook "a representation adverse to [Avco] in a matter 'substantially related' to that in which [Turner] previously had served [Avco]." *Maritrans GP Inc.*, 602 A.2d at 1284. This appeal concerns only whether Turner's limited representation of the *Torres* plaintiffs was "substantially related" to the matters in which she represented Avco.[4] *See id.*

The "substantial relationship test" requires courts to determine "(1) whether the subject matter of the former and current representations are the same and (2) whether the attorney might have acquired confidential information related to the subject matter of the present action." *In re Pittsburgh Corning Corp.*, 308 B.R. 716, 730 (Bankr. W.D. Pa. 2004).[5] Avco does not argue that the first prong of the test was satisfied, so we will discuss only the second. *See* Fed. R. App. P. 28(a)(8). This requires evidence showing that (a) Avco might have disclosed confidential information to Turner and (b) issues were

---

[4] There is no question Turner's representation of the Torres plaintiffs was adverse to Avco. *See AgSaver LLC v. FMC Corp.*, No. 11-cv-997, 2011 WL 2274178, at *4 (E.D. Pa. June 9, 2011) (explaining that parties' interests could not be "more 'materially adverse' than when a lawyer's former client is in a suit against that lawyer's current client").

[5] Avco argues that the District Court erroneously applied a conjunctive test, requiring satisfaction of both prongs. But because the District Court found Avco did not establish a dispute of fact with respect to *either* prong, and because we agree, we need not address that argument. *See Avco Corp.*, 2022 WL 17251250, at *3.

raised in the *Torres* matter that permitted the use of that information against Avco. *Triffin v. Disalvo*, 643 A.2d 118, 120 (Pa. Super. Ct. 1994).

Although Turner had intimate knowledge of Avco's practices, Avco points to no evidence of how that knowledge could be used against Avco in the *Torres* matter. Avco must do more than point to Turner's "broad knowledge of [its] general strategies with respect to its products." *AgSaver LLC v. FMC Corp.*, No. 11-cv-997, 2011 WL 2274178, at \*9 (E.D. Pa. June 9, 2011). It must link the confidential information Turner learned from her work with Avco to the subject matter of the work she did in *Torres*. But Avco identifies no evidence showing how the intimate knowledge she gained through her work with Avco "would be, in any manner, detrimental" to Avco in the *Torres* matter. *Id.*

Avco assumes that because Turner had access to confidential information through her previous representation, she must have used or had opportunity to use that information against Avco in her assignments in *Torres*. But Avco points to no evidence of the substantive work that Turner did for the *Torres* plaintiffs to support its argument. *See INA Underwriters Ins. Co. v. Nalibotsky* 594 F. Supp. 1199, 1206 (E.D. Pa. 1984) ("What is required is an evaluation of the substance of the prior representation as compared with the substance of the present adverse representation."). It points to the *Torres* complaint, which alleged that defects in a turbocharger caused the plane crash, and claims the subject matter must have necessitated an analysis of engine parts Turner learned about through her representation of Avco. But it does not connect the allegations in the complaint to the work Turner did with the experts. Assumptions are not fact. As the District Court noted, "without copies of the briefing, transcripts, or some other

6

information about Ms. Turner's work in the *Torres* matter, the Court has no way to know whether she would have needed to draw upon Avco's confidential information over the course of that assignment." *Avco Corp.*, 2022 WL 17251250, at \*4.

Though Turner worked with Avco's experts in previous litigation and would "necessarily" have developed an understanding of certain functions of Avco's engines, App. 476, Avco does not explain whether the work Turner did on *Torres* involved the piston engines at all. It merely asserts that the *Torres* complaint alleged there was a defect in an Avco turbocharging system installed on a piston engine aircraft. But it does not tie Turner's work to that allegation. This Court has no way of knowing what the *Torres* experts were hired to do or how Turner's work with them implicated any knowledge she gained from Avco. In fact, Avco's corporate designee could not identify any case that Turner worked on involving the subject matter of the *Torres* litigation. Her testimony amounted to an assumption, that human nature would make it nearly impossible for Turner to stop herself from sharing the information she learned about Avco's engines. But an assumption is not enough to support a breach of fiduciary duty.

Without evidentiary support of a relationship between the confidential information Turner obtained from Avco and the substance of the work she did for *Torres*, Avco's appeal "amounts to an argument that all [aircraft engine product liability] cases are the same." *Javorski*, 2006 WL 3242112, at \*7. Accepting this overly broad principle could handcuff attorneys to one side of the bar for their entire career. *Id.* Because Avco points to no evidence that Turner's work in *Torres* called for or allowed the use of confidential

7

information *against* Avco, it has not met its burden under the substantial relationship test. *See Triffin*, 643 A.2d at 120.

IV.

For the foregoing reasons, we will affirm the District Court's order.